IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| TARRAN M. SPINNER, | : | CHAPTER 13<br>CASE NO. 06-71767-MGD<br>JUDGE DIEHL |
| Debtor. | : | |

| | | |
|---|---|---|
| TARRAN M. SPINNER, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO. |
| v. | : | _____ |
| CASH IN A HURRY, LLC | : | |
| Defendant. | : | |

**COMPLAINT SEEKING TURNOVER OF PROPERTY AND OTHER RELIEF**

**COUNT ONE**

1.

Plaintiff is the Debtor in the above-captioned Chapter 13 case. This Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334. This is a core proceeding.

2.

Certain of Plaintiff's exempt property, which is property of the State under 11 U.S.C. § 541, i.e., a 1997 BMW, in which Debtor has an interest, is in the possession of Defendant.

3.

Pursuant to 11 U.S.C. § 542, Defendant is required to turn over this exempt property to the Trustee in this action.

4.

Under 11 U.S.C. § 1306, the Debtor is entitled to possession of all property of the estate.

5.

There is adequate protection to the creditor, and Debtor has the required insurance.

6.

Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. § 542.

**COUNT TWO**

7.

This is a suit under the Truth-in-Lending Act (hereinafter, "the Act"), and this Court has subject matter jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2) because this matter is a core proceeding.

8.

Defendant is a corporation doing business in the Northern District of Georgia and is subject to the jurisdiction of this Court.

9.

Under the Act, Defendant is a creditor who regularly extends credit for which more than four (4) installments are required.

10.

Plaintiff is a consumer who borrowed money from Defendant for personal, family and household purposes.

11.

Plaintiff and Defendant entered into a consumer credit transaction within a year prior to the filing of this complaint.

12.

Defendant violated the Truth-in-Lending Act by failing to disclose the annual percentage rate more conspicuously than the amount financed and total of payments, and has failed to disclose clearly and conspicuously inside the federal box the security interest taken.

13.

Defendant is indebted to Plaintiff in the amount of $1000.00, plus costs and reasonable attorney's fees.

WHEREFORE, Plaintiff prays this Court:

1) Order Defendant to immediately turn over the 1997 BMW;

2)   Award reasonable attorney's fees for this complaint, pursuant to 11 U.S.C. § 105(a), and costs;

3)   Award $1000.00 and reasonable attorney's fees;

4)   Award such other and further relief as is just and proper.

                                    Respectfully submitted,

                                    _____
                                    Ralph Goldberg
                                    Bar No. 299475
                                    Attorney for Debtor

Ralph Goldberg, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX

4